# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY STEVENS,<br><br>                            Plaintiff,<br>  vs.<br>OPTIMUM HEALTH INSTITUTE;<br>ROBERT NEES,<br><br>                          Defendant. | CASE NO. 09cv2565 WQH (RBB)<br><br>ORDER |

HAYES, Judge:

      Plaintiff Nancy Stevens initiated this action by filing a complaint on November 13, 2009. (Doc. # 1). The complaint alleged this Court has jurisdiction "pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the value of $75,000 and the matter is between citizens of different states." *Id.* at 1. However, the complaint failed to allege sufficient facts to establish Optimum Health Institute's citizenship and failed to allege Plaintiff's citizenship at all. *Id.* On November 19, 2009, Plaintiff was Ordered to Show Cause why this action should not be dismissed for lack of subject matter jurisdiction. (Doc. # 3).

      The Order to Show Cause stated in part:

> Plaintiff bears the burden of establishing the "actual existence of subject matter jurisdiction." *See Thompson v. McComb*, 99 F.3d 352, 353 (9th Cir. 1996). "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). The citizenship of an entity defendant depends on the form of the entity. "[A]n unincorporated association such as a partnership has the citizenships of all of its

1
2
3

      members. By contrast, **a corporation is a citizen only of (1) the state where its principal place of business is located**, and (2) the state in which it is incorporated." *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

4

(Doc. # 3 at 1-2) (emphasis added).

5
6
7
8
9
10
11

      On December 9, 2009, Plaintiff responded to the Court's Order to Show Cause. (Doc. # 4). Plaintiff states she is a citizen of Oregon and that Optimum Health Institute is a California Corporation. *Id.* Plaintiff filed a First Amended Complaint ("FAC") on December 14, 2009 which alleges: "Plaintiff is informed and believes thereon alleges that OPTIMUM HEALTH is a corporation incorporated in the State of California." (Doc. # 5). Plaintiff's FAC fails to allege Defendant Optimum Health's primary place of business. Plaintiff has therefore failed to establish complete diversity of citizenship.

12
13
14
15

      IT IS HEREBY ORDERED that Plaintiff's FAC is **DISMISSED** without prejudice. IT IS FURTHER ORDERED that Plaintiff is granted leave to file a Second Amended Complaint which cures this deficiency within thirty (30) days of the date of this order. If Plaintiff does not file an amended complaint within thirty days, the case will be closed.

DATED: January 6, 2010

16
17

                                    */s/ William Q. Hayes*
                                **WILLIAM Q. HAYES**
                                United States District Judge

18
19
20
21
22
23
24
25
26
27
28